IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DAVID HALL,** | : CIVIL ACTION NO. 1:25-CV-908 |
| Petitioner | : (Judge Neary) |
| v. | : |
| **WARDEN FCI-ALLENWOOD,** | : |
| Respondent | : |

**MEMORANDUM**

This is a habeas corpus case filed under 28 U.S.C. § 2241. Petitioner, David Hall, asserts that the United States Bureau of Prisons ("BOP") is improperly denying him time credits towards his sentence under the First Step Act ("FSA"). The petition will be dismissed without prejudice for failure to exhaust administrative remedies.

**I.    Factual Background & Procedural History**

Hall, an inmate in Allenwood Federal Correctional Institution ("FCI-Allenwood"), is serving a 280-month sentence of imprisonment imposed by the United States District Court for the Eastern District of Pennsylvania for various drug-related offenses. (Doc. 1-3). He filed the instant petition on May 16, 2025, arguing that the BOP is unlawfully denying him credits under the FSA, and the court received and docketed his petition on May 22, 2025. (Doc. 1). Hall has additionally filed a memorandum of law in support of his petition. (Doc. 1-11). Hall admits that he did not attempt to complete the BOP's administrative remedy program prior to filing the petition, but he argues that he is not required to do so

because the Prison Litigation Reform Act ("PLRA")'s requirement that prisoners exhaust administrative remedies prior to filing suit does not apply to habeas corpus petitions filed pursuant to Section 2241. (Doc. 1 at 2; Doc. 1-11 at 6).

## II.    Legal Standard

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. § 2254, a district court must promptly review a petition and dismiss it if it is plain from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4. District courts have the discretion to apply this rule in habeas corpus cases brought under 28 U.S.C. § 2241. 28 U.S.C. § 2254 Rule 1.

## III.    Discussion

Dismissal of this case under Rule 4 is appropriate because Hall has failed to exhaust administrative remedies. Hall's sole argument as to why he does not have to exhaust administrative remedies is that the PLRA's exhaustion requirement does not apply to Section 2241 petitions.[1] (Doc. 1-11 at 6). Although he is correct that there is no explicit statutory exhaustion requirement for Section 2241 habeas petitions, the United States Court of Appeals for the Third Circuit has consistently held that exhaustion applies to such claims. See Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000) (citing Schandelmeier v. Cunningham, 819 F.2d 52, 53 (3d Cir. 1986)); Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion allows the agency to develop a factual record and apply its expertise, conserves

---

[1] Hall also notes that exhaustion may be waived if "irreparable injury may occur without immediate judicial relief," (Doc. 1-11 at 6), but he does not make any argument as to how he would suffer an irreparable injury.

judicial resources, and provides agencies the opportunity to "correct their own errors" thereby fostering "administrative autonomy." Id. at 761-62.

The BOP has a specific internal system through which federal prisoners can request review of nearly any aspect of their imprisonment. See 28 C.F.R. §§ 542.10-.19. That process begins with an informal request to staff and progresses to formal review by the warden, appeal with the regional director, and—ultimately—final appeal to the general counsel. Id. §§ 542.13-.15. No administrative remedy is considered fully exhausted until reviewed by the general counsel. Id. § 542.15(a).

Exhaustion is the rule in most cases, and failure to exhaust will generally preclude habeas review. Moscato, 98 F.3d at 761. Only in rare circumstances is exhaustion of administrative remedies not required. For example, exhaustion is unnecessary if the issue presented is one that consists purely of statutory construction. Vasquez v. Strada, 684 F.3d 431, 433-34 (3d Cir. 2012) (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)). Exhaustion is likewise not required when it would be futile. Rose v. Lundy, 455 U.S. 509, 516 n.7 (1982).

Thus, because Hall acknowledges that he has not exhausted administrative remedies, his argument regarding the PLRA is unavailing, and there does not appear to be any other basis to excuse exhaustion, his petition will be dismissed without prejudice for failure to exhaust administrative remedies.

### IV.   Conclusion

The petition for writ of habeas corpus is dismissed without prejudice for failure to exhaust administrative remedies. An appropriate order shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated:   May 29, 2025

4